The opinion of the court was delivered by
Kinsey, O. J.
(After stating the case.) — -I am at a loss to conceive upon what grounds the first objection taken in this case can be sustained. In England the party may or may not set off his debt against the plaintiff’s claim. Baskerville v. Brown, (2 Burr. 1229). There is nothing *431 in their law to render it compulsory upon him. In New Jersey he must set off, or lose his debt. When, therefore, goods are delivered to a less amount than the party delivering them owes to the other, it is, under the equity of our law, a payment for so much of his debt, and attaches as such immediately. This is the proper view in which to regard our act of assembly. The -whole account and transaction between the parties may, and generally must be gone into before a recovery can be had on the other side, for the amount which the one has debited to the other. There can, then, be no impropriety in permitting a defendant, when sued, to plead or give in evidence a debt of forty years’ standing. Nor does the statute, either here or in England, apply to cases where there are mutual accounts and reciprocal demands.* Every item added is an omission, in law, of an unsettled account, and prevents the operation of the statute. The language of Lord Kenyon, in Catling v. Skoulding, (6 D. & E. 193) is express upon this point. “ I take it,” says he, “ to have been clearly settled, as long as I have any memory of the practice of the courts, that every new item and credit in an account given by one party to the other is an admission of there being some unsettled account between them, the amount of which is afterwards to be ascertained.” Where the items are on one side, and the space of six years intervenes between two successive charges, the statute may be a bar to the recovery of all beyond six years.†
*As to the overruling the testimony offered, the principal difficulty is, that we cannot see to what purpose it was to be applied. It does not appear that the party has sustained the smallest injury from the exclusion of the deposition. And the rule of law I take to be explicit, that where *432 the party has sustained no injury from an erroneous opinion, he cannot avail himself of the mistake to reverse the judgment. On this ground, then, we think the judgment must be affirmed. At the same time, we conceive it proper to state, that we are of opinion that the nineteenth section of the act of August, 1784, is to be construed liberally, and to effectuate the purposes of justice. There is no ground for confining its operation to witnesses who are settled inhabitants of the state; for though this does in the first part seem to be required, yet as the subsequent words, “ if the witness be so circumstanced that his or her testimony, if not soon taken will in all probability be lost, or cannot be had at-the time, the same may be wanted,” are general: the act ought to receive such a construction as will embrace the-cases which' require it.
Judgment affirmed.

 See Coles v. Harris, Bull. N. P. 149; Ballantine on Lim 79; Peake’s Ca. 121; 17 John. Rep. 330, Martin v. Williams.

Same point decided in Miller v. Colwell, 2 South. 577. So merchants’ accounts, after six years total discontinuance, arc barred by the statute. 2 Eden. Ch. Ca. 169; 18 Vez.jun. 216, Barber v. Barber.